ROBERT P. HENK   (147490)
SHERI L. LEONARD  (173544)
**HENKLEONARD**
**A Professional Law Corporation**
2260 Douglas Blvd., Suite 200
Roseville, CA 95661
Telephone:   (916) 787-4544
Fax:         (916) 787-4530
Email:       henkleonard@aol.com

Attorneys for Plaintiff
**PAUL KRUEGER**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAUL KRUEGER**<br><br>    Plaintiffs,<br><br>vs.<br><br>**SUREWEST COMMUNICATIONS, INC.,; CONSOLIDATED COMMUNICATIONS SERVICES COMPANY; SUREWEST COMMUNICATIONS CHANGE IN CONTROL SEVERANCE PLAN**; and **DOES 1-50**,<br><br>    Defendant | Case Number:<br><br>**COMPLAINT FOR DAMAGES FOR: VIOLATION OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA") 29 U.S.C.A. §1132.** |

Plaintiff **PAUL KREUGER**, hereby complains and alleges as against Defendants **SUREWEST COMMUNICATIONS, INC.; CONSOLIDATED COMMUNICATIONS SERVICES COMPANY; and, SUREWEST COMMUNICATIONS CHANGE IN CONTROL SEVERANCE PLAN,** as follows:

## PARTIES

1.  Plaintiff **PAUL KRUEGER** is an individual, and a resident of Honolulu County, State of Hawaii.

2. Plaintiff is informed, believes, and thereon alleges that Defendant **SUREWEST COMMUNICATIONS, INC.**, is, and at all times mentioned herein was, a business entity, form unknown, yet operating in the County of Placer, State of California. Defendant **SUREWEST COMMUNICATIONS, INC.** was and is at all times mentioned herein was Administrator of The Plan (**SUREWEST COMMUNICATIONS CHANGE IN CONTROL SEVERANCE PLAN**).

3. Plaintiff is informed, believes, and thereon alleges that Defendant **CONOLIDATED COMMUNICATIONS SERVICES COMPANY**, is, and at all times mentioned herein was, a business entity, form unknown, yet operating in the County of Placer, State of California. Defendant **CONSOLIDATED COMMUNICATIONS SERVICES COMPANY** at all times mentioned herein comprised the Review Panel of The Plan and was in part responsible for denying benefits to Plaintiff under The Plan.

4. Plaintiff is informed, believes, and thereon alleges that Defendant **SUREWEST COMMUNICATIONS CHANGE IN CONTROL SEVERANCE PLAN**, is, and at all times mentioned herein was a properly classified ERISA plan governed by 29 U.S.C.A §1132.

### STATEMENT OF FACTS

5. Plaintiff was employed for seventeen years with Defendant SUREWEST COMMUNICATIONS, INC. and his last job position with that organization was Executive Director of Business Sales.

6. On or about February 18, 2011, Plaintiff and Defendant SUREWEST COMMUNICATIONS, INC. entered into an agreement entitled SUREWEST COMMUNICATIONS CHANGE IN CONTROL SEVERANCE PLAN (hereinafter "The Plan"). The Plan provided severance benefits to a select group of management or highly compensated employees, which included Plaintiff.

7. The Plan allowed for Plaintiff to receive various and additional payments and benefits if he experienced a "Qualifying Termination". The Plan defined "Qualifying Termination" as "…a termination of your employment…by you for Good Reason and where your Termination Date

occurred during the Protected Period or within 150 days after the end of the Protected Period." The "Protected Period" was defined as within one year following a Change in Control.

8. On July 2, 2012, Defendant CONSOLIDATED COMMUNICATIONS SERVICES COMPANY acquired Defendant SUREWEST COMMUNICATIONS, INC. pursuant to a merger transaction. The aforementioned transaction was a "Change in Control" as defined by The Plan.

9. The Plan defined "Good Reason" as "…the occurrence of any one or more of the following without your express written consent: (i) material reduction of your authority, duties, or responsibilities as they existed immediately prior to a Change in Control…" The Plan also stated that the participant had to give written notice that a Good Reason event had occurred within ninety days of the initial occurrence of the alleged Good Reason event. The employer then had thirty days to cure or remedy the issues in the notice. Finally, the agreement stated that if the Good Reason was not timely cured or remedied, then the participant had to resign his employment within sixty days of the date that notice was provided in order to obtain the severance.

10. Plaintiff thereafter learned that his job duties and responsibilities would be significantly altered following the merger such that he had a "Good Reason" to resign and receive a severance via The Plan.

11. Therefore, on or about August 20, 2012, Plaintiff sent a letter pursuant to the requirement of The Plan that furnished the required notice that a Good Reason had occurred. No cure or remedy of the Good Reason followed said notice.

12. Plaintiff thereafter submitted his resignation on September 20, 2012, which was within The Plan's requirement that it be done within sixty days of the date that Plaintiff's notice that a Good Reason had occurred was provided.

13. As a result of the above, Plaintiff has performed all aspects required of him pursuant to The Plan and Defendants have refused to follow the terms of The Plan and pay Plaintiff the severance payments and benefits to which he is owed under The Plan.

14. Plaintiff has exhausted the claim and appeal process established by The Plan. Pursuant to the terms of The Plan, Plaintiff has one year from the date of final rejection of benefits for Plaintiff to file this lawsuit. Final rejection in this case was dated May 16, 2013.

## JURISDICTION AND VENUE

15. Jurisdiction in this Court is proper under 29 U.S.C.A §1132 because Plaintiff brings this case under the laws of the United States, that is, the Employee Retirement Income Security Act of 1974 ("ERISA").

16. Venue is proper in this Court, Eastern District of California, as all claims arose in this Judicial District. 28 U.S.C. §1391(b).

## FIRST CAUSE OF ACTION
### VIOLATION OF ERISA, BY ALL DEFENDANTS
### Claim for Benefits Under The Plan

17. Plaintiff incorporates by reference, as if fully set forth herein, the provisions of Paragraphs 1 through 16 of this Complaint.

18. Defendant SUREWEST COMMUNICATIONS, INC. was Plaintiff's employer and is the Administrator of The Plan. Defendant SUREWEST COMMUNICATIONS, INC. has breached its duties owed to Plaintiff under ERISA by denying Plaintiff the benefits to which he is entitled under The Plan.

19. Defendant CONSOLIDATED COMMUNICATIONS SERVICES COMPANY comprised the Review Panel of The Plan and were responsible for determining the accuracy of The Plan's Administrator's denial of Plaintiff's claim for severance benefits. Following Defendant CONSOLIDATED COMMUNICATIONS SERVICES COMPANY's review of Plaintiff's claim, they have continued to uphold the denial of benefit under The Plan to which Plaintiff is entitled.

20. The denial of benefits by all Defendants to Plaintiff was arbitrary and capricious and amounted to either bad faith or an abuse of discretion, or both.

21.   As a result of Defendant's conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not yet been fully ascertained but is within the jurisdictional limits of this Court.  Plaintiff is entitled to damages in an amount which will be shown at the time of trial.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For damages according to proof at trial;
2. For reasonable attorneys' fees;
3. For punitive damages;
4. For costs of suit;
5. For an award of interest, including prejudgment interest, at the legal rate; and,
6. For such other and further relief as the Court may deem proper.
7. For Jury Trial.

Dated:  October 10, 2013

**HENK LEONARD**
**A Professional Law Corporation.**


/S/SHERI L. LEONARD
**SHERI L. LEONARD**
Attorney for Plaintiff
**PAUL KRUEGER**