**SCHIFF HARDIN LLP**
WILLIAM J. CARROLL (CSB # 118106)
wcarroll@schiffhardin.com
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA  94105
Telephone:      (415) 901-8700
Facsimile:       (415) 901-8701

DIANE M. SOUBLY (*pro hac pending*;
    ILARDC #6308270; MI P32005)
dsoubly@schiffhardin.com
233 S. Wacker Drive, Ste. 6600
Chicago, IL  60606
Telephone:      (312) 258-5500
Facsimile:       (312) 258-5600

Attorneys for Defendants
**SUREWEST COMMUNICATIONS, INC.; and**
**SUREWEST COMMUNICATIONS CHANGE**
**IN CONTROL SEVERANCE PLAN**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAUL KRUEGER,** | Case No.  2:13-CV-02098-JAM-AC |
| Plaintiff, | Hon. John A. Mendez |
| v. | |
| **SUREWEST COMMUNICATIONS, INC.; CONSOLIDATED COMMUNICATIONS SERVICES COMPANY; SUREWEST COMMUNICATIONS CHANGE IN CONTROL SEVERANCE PLAN; and DOES 1-50,** | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | |

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local

Rules 140(b) and 141 of the United States District Court for the Eastern District of California,

Plaintiff PAUL KRUEGER and Defendants SUREWEST COMMUNICATIONS, INC.;

CONSOLIDATED COMMUNICATIONS SERVICES COMPANY; and SUREWEST

COMMUNICATIONS CHANGE IN CONTROL SEVERANCE PLAN hereby stipulate to the entry of this protective order in this matter ( this ERISA Litigation") in order 1) to ensure the protection of confidential material and to limit its use for purposes of this ERISA Litigation only, 2) to protect employees and former employees of Defendants SUREWEST COMMUNICATIONS, INC. and CONSOLIDATED COMMUNICATIONS SERVICES COMPANY from undue annoyance or embarrassment resulting from public disclosure or use for purposes other than this ERISA Litigation of confidential information that the parties or non-parties will disclose in this Litigation, and for good cause shown,

It is hereby ORDERED:

1. This Stipulated Protective Order ("Order") shall govern the handling of all documents, electronically stored information, tangible things, and discovery responses as ordered by this Court in accordance with the Stipulated Specialized Case Management Order entered on December 9, 2013 in this ERISA Litigation (if any), including all copies, excerpts and summaries thereof (collectively "Material"), produced or otherwise disclosed during the course of this ERISA Litigation by the parties or by nonparties, either voluntarily or and as required by discovery requests permitted by order of this Court and properly made pursuant to the Federal Rules of Civil Procedure.

2. The provisions of this Order shall apply to any "person," which, as used herein, shall include all parties to this litigation and any other person or entity receiving, producing or disclosing Material in this ERISA Litigation.

3. This Order applies only to Material that a person designates as "Confidential Material" in the manner described below.

4. "Confidential Material" is defined as Material designated as "Confidential" pursuant to paragraph 5 below that a person believes in good faith to contain a) sensitive or

proprietary business or commercial information which, if disclosed, may adversely affect the business operations of the person producing such materials; and b) personal information relating to the parties, to third persons or to non-parties, which, if disclosed, may invade the privacy rights of any such person, including but not limited to information relating to benefit matters.  Such Confidential Material shall be held in confidence and shall be used only for the purpose of this action and shall not be disclosed or made available to any persons other than the persons named in paragraph 8 below.

      5.    Confidential Material may be so designated by a person by marking the face of the document and each specific page containing confidential information with the legend "CONFIDENTIAL."

      6.    With respect to documents, electronically stored information, tangible things, and discovery responses, the producing person shall designate that information which it considers to be Confidential Material at the time of production, unless otherwise agreed by the parties.  Upon receipt of a production of documents, electronically stored information, tangible things, and discovery responses (if any), the receiving person may designate that information which it considers to be Confidential Material within fourteen (14) days of receipt of such production. Designation of Confidential Material in connection with deposition testimony shall be made either on the record or in writing within fourteen (14) days after receipt of the transcript of the deposition, and all deposition testimony shall be treated as Confidential Material until the later deadline has passed.

      7.    If a producing or receiving person inadvertently fails to designate any Material as Confidential Material, it may do so at a later date in writing and with particularity so long as it does so promptly after learning of the oversight, or promptly after the producing or receiving person should reasonably have been aware of the oversight.  The Material shall be treated by the

receiving persons as Confidential Material from the time the receiving persons are notified in writing of the change in the designation.

8.  Persons receiving or obtaining access to the Confidential Material shall use such Materials solely for the purpose of prosecuting or defending this ERISA Litigation and not for any business or other purpose whatsoever. Except as otherwise provided, Confidential Material shall not be given, shown, made available or communicated in any way to anyone, except the following persons:

   a.  counsel of record for the parties and attorneys, paralegal, clerical, secretarial, or other staff employed by such counsel who are assisting in the conduct of this ERISA Litigation;

   b.  the named parties and those officers and employees of the parties deemed necessary to aid counsel in the conduct of this ERISA Litigation;

   c.  the District Court and the Magistrate Judge presiding over this ERISA Litigation and the Court of Appeals for the Ninth Circuit hearing an appeal from this ERISA Litigation, judicial officers, and court personnel;

   d.  mediators and their employees used in connection with the Alternative Dispute Resolution Process or any efforts to mediate this ERISA Litigation;

   e.  court reporters and their employees used in connection with the conduct of this ERISA Litigation;

   f.  subject to paragraph 9 below, experts and consultants (including their employees, associates or staff) specifically retained by a party to perform work in connection with the prosecution or defense of this ERISA Litigation; and

   g.  subject to paragraph 9 below, any other person designated by the Court after appropriate motion and hearing or agreed to by the parties in writing.

9. Before any party discloses Confidential Material to any person pursuant to subparagraphs 8(d), (e), (f), and (g) above, counsel for such party shall provide such person with a copy of this Order, and shall require that the person acknowledge and agree that he or she (and any entity he or she may represent) has read and understood the terms of this Order, and agrees to be fully subject to and bound by its terms and conditions by executing the form Acknowledgement and Confidentiality Agreement attached hereto as Exhibit A (the "Acknowledgement"). It shall be the responsibility of counsel providing access to Confidential Material to retain a signed copy in counsel's files. In the event there is a dispute about a possible breach of the confidentiality provisions of this Order, the form executed by the individual who is the subject of the dispute shall be made available to the Court for *in camera* review. Any person to whom Confidential Material is provided pursuant to this paragraph shall return or destroy such Confidential Material no later than sixty (60) days after the termination of this ERISA Litigation, including any appeals thereof, and provide written confirmation of the same.

10. If a person inadvertently discloses Confidential Material to anyone other than the persons set forth in paragraph 8, such disclosure shall be reported in writing to the person who designated the information inadvertently disclosed as Confidential Material. In that event, counsel for the person who made the inadvertent disclosure shall make all reasonable efforts to retrieve the Confidential Material and any documents containing such Confidential Material and to obtain the agreement of persons to whom the inadvertent disclosure was made to treat the Confidential Material in accordance with the terms of this Order.

11. No party concedes that any Material designated by any other person as Confidential Material under any provision of this Order does, in fact, contain or reflect proprietary, private or confidential information or has been properly designated as Confidential Material, and entering into this Order shall not prejudice, in any way, the right of a party to seek

at any time a determination by the Court of whether any particular Material should be subject to the terms of this Order. A party shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. Prior to seeking such a determination by the Court, the producing or receiving party must in good faith confer or attempt to confer with the producing, receiving or disclosing person in an effort to resolve the dispute without Court action. In ruling on such a motion, the burden shall be on the person seeking to preserve confidentiality to establish the confidential, private or proprietary nature of the Material. If the Court determines that any Material designated as Confidential Material is not Confidential, any producing or receiving party may treat the material without any restriction.

12. The parties recognize that, pursuant to Local Rule 141 of the United States District Court for the Eastern District of California, any person wishing to file documents under seal must obtain prior leave of Court for each document that is requested to be filed under seal. No party shall file Confidential Material with the Court in this ERISA Litigation, without first obtaining leave of Court to file such Confidential Material under seal.

13. Nothing in this Order shall operate to waive any person's right to object to the production of information or documents that are subject to a good faith assertion of attorney-client privilege, work product immunity, or any other applicable, recognized privilege or protection. Nor shall compliance with the terms of this Order operate as an admission that any particular document is or is not (a) confidential; (b) privileged; or (c) admissible at trial.

14. A producing or receiving party shall promptly notify all parties of the inadvertent production of any privileged or trial preparation material. Any party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the opposing party. Upon receiving notice of inadvertent production, any party shall immediately

retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the party's claim of privilege, either by the Court or by agreement of the parties.  If the parties cannot agree as to the claim of privilege, the party asserting privilege shall move the Court for a resolution within 30 days of providing notice of the inadvertent production or of receiving the inadvertent production.

15. By entering into this Order, no party concedes that any information designated hereunder should be treated confidentially at time of trial nor that any portion of the trial should be closed to the public.  Prior to use of any Confidential Material at any hearing to be held in open court, counsel who desires to use such Confidential Material shall take reasonable steps to afford opposing counsel and counsel for the party who produced, received or disclosed such Confidential Material a reasonable opportunity to object to, or seek other remedial measures in connection with, such use.

16. It shall not be deemed a violation of any of the terms of this Order for a person to produce or disclose information in response to a subpoena or order of any court or governmental agency that requires production of material or information obtained under the terms of this Order, provided that: (a) such person shall promptly notify the person who originally designated the information requested as Confidential Material; (b) said notification shall be made a reasonable time not less than ten (10) days prior to making production pursuant to the subpoena or order.

17. This Order shall survive the termination of this action and shall continue in full force and effect thereafter.  Documents designated as Confidential Material (and all copies, extracts, summaries or compilations made or taken or derived therefrom) shall be returned or destroyed sixty (60) days after this action is finally resolved by judgment or settlement and all appeal periods have been exhausted.  Upon request, each receiving person shall provide the producing person an affidavit certifying that all Confidential Material (and all copies, extracts,

summaries or compilations made or taken or derived therefrom) has been returned or destroyed pursuant to the provisions of this paragraph.

18. Nothing in this Order shall prevent any party from moving to modify the terms of this Order upon good cause shown.

19. The parties may pursue any and all civil remedies available to them for breach of the terms of this Order and may seek to claim that a breach constituted a contempt of court.

IT IS SO ORDERED.

Dated: 3/3/2014                             /s/ John A. Mendez
                                            HON. JOHN A. MENDEZ
                                            UNITED STATES DISTRICT COURT JUDGE

SO STIPULATED:

**HENK LEONARD**
**A Professional Law Corporation**

Dated: February 27, 2014

/s/ *Robert P. Henk* (as authorized 2/27/2014)
Robert P. Henk (147490)
Sheri L. Leonard (173544)
Henk Leonard, PLC
2260 Douglas Blvd., Suite 200
Roseville CA 95661
Telephone: (916) 787-4544
Facsimile: (916) 787-4530
Email: henkleonard@aol.com

Attorneys for Plaintiff
PAUL KRUEGER

Dated: February 24, 2014

**SCHIFF HARDIN LLP**

/s/ *William J. Carroll*
William J. Carroll (CSB # 118106)
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco CA
Telephone: (415) 901-8700
Facsimile: (415) 901-8701
Email: wcarroll@schiffhardin.com

Diane M. Soubly (pro hac pending;
  ILARDC #6308270; MI P 32005)
233 S. Wacker Drive, Suite 6600
Chicago IL 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
Email: dsoubly@schiffhardin.com

Attorneys for Defendants
SUREWEST COMMUNICATIONS, INC.;
and SUREWEST COMMUNICATIONS
CHANGE IN CONTROL SEVERANCE
PLAN

**CERTIFICATE OF SERVICE**

I certify that I served the foregoing document upon the following person(s) by email on February 24, 2014 and again by electronic notice pursuant to the Federal Rule of Civil Procedure 5(b) on the 2nd day of March 2014.

>Robert P. Henk
>Sheri L. Leonard
>Henk Leonard PLC
>2260 Douglas Blvd., Suite 200
>Roseville CA 95661
>henkleonard@aol.com

*/s/ William J. Carroll*
William J. Carroll

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAUL KRUEGER,** | Case No. 2:13-CV-02098-JAM-AC |
| Plaintiff, | Hon. John A. Mendez |
| v. | |
| **SUREWEST COMMUNICATIONS, INC.; CONSOLIDATED COMMUNICATIONS SERVICES COMPANY; SUREWEST COMMUNICATIONS CHANGE IN CONTROL SEVERANCE PLAN; and DOES 1-50,** | **ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |
| Defendants. | |

## **ACKNOWLEDGEMENT AND CONFIDENTIALITY AGREEMENT**

I, _____, hereby acknowledge that I have received a copy of the foregoing Stipulated Protective Order entered in the above-captioned matter; that I have read and understand it; that I am fully subject to and bound by the terms and conditions thereof; and that I agree to abide by all of the requirements and restrictions contained therein. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for the purposes of this ERISA Litigation any confidential Materials (as defined in this Protective Order).

DATE: _____    _____
Printed Name

_____
Signature

_____
Address

_____
City, State, Zipcode